UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE: )
 )  CASE NO:
APPLICATION OF MAXIM V. FINSKIY )
FOR AN ORDER TO TAKE DISCOVERY )
PURSUANT TO 28 U.S.C. § 1782 )
 )

---

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY BY THE ISSUANCE OF SUBPOENAS TO MIKHAIL D. PROKHOROV, DMITRY RAZUMOV, AND OLEG BAIBAKOV

Based upon the concurrently filed Memorandum of Law and the Affidavit of Harold E. Patricoff, Esq. dated March 1, 2017 ("Patricoff Decl."), Maxim V. Finskiy ("Finskiy") applies to the Court, pursuant to 28 U.S.C. § 1782, and Federal Rules of Civil Procedure 26 and 45, for an Order granting him leave to serve the subpoenas attached to the Patricoff Decl. as Exhibits A, B, and C. Finskiy requests that the Court either grant such leave *ex parte* or, in the alternative, that this Court enter an Order to Show Cause why the subpoenas should not issue.

Finskiy seeks leave for the subpoenas to be issued for use in connection with the foreign proceedings: **(i)** a criminal case against Applicant, which is currently pending in the Russian Federation captioned *Directorate of Internal Affairs for the Central Administrative District of Moscow Department of the Russian Ministry of Internal Affairs, Criminal Proceeding No. 267984* (the "Russia Proceeding"); **(ii)** a bankruptcy case against Applicant, currently in the Russian Federation, described as *In re: Petitions of Leansa Limited and Onexim Group Management Ltd. in the Bankruptcy Matter of Maxim V. Finskiy, Case No. A40-45499/16-123-A40-45499/16-123-32F, Moscow Arbitrage Court* (the "Bankruptcy Proceeding"); and **(iii)** a lawsuit against Kirkland Intertrade Corp. (a company of which Applicant is the sole director and owner and which implicates Applicant in its Statement of Claim) captioned *Onexim Group*

*Management Limited v. Kirkland Intertrade Corp., Claim No. BVIHC (Com) 113 of 2015* (the "BVI Proceeding") (collectively, the "Foreign Proceedings"). *See generally,* Patricoff Decl. (discussing the Foreign Proceedings).

Finskiy is a lawful permanent resident of the United States and a long-time resident of South Florida. Finskiy is a successful businessman and entrepreneur. He built his business acumen through ownership interests in various mining enterprises, including MMC Norilsk Nickel Mining and Metals Co. ("Norilsk Nickel"), Red Tiger Mining Inc. ("Red Tiger"), Intergeo Mining & Metals Co. ("Intergeo"), and White Tiger Gold Ltd. ("White Tiger").

Mikhail Prokhorov is a Russian businessman, politician, and owner of the National Basketball Association's Brooklyn Nets, located at 15 MetroTech Center, 11th Floor Brooklyn, NY 11201. Prokhorov is also the owner of the Barclays Center Arena, located at 620 Atlantic Ave, Brooklyn, NY 11217. Therefore, Prokhorov is to be found within the Eastern District of New York.

Dmitry Razumov has been the Director of Onexim Group Management Limited ("Onexim Group") since 2007. Razumov is also the Chairman of the Board of Directors of the Brooklyn Nets, located at 15 MetroTech Center, 11th Floor, Brooklyn, NY 11201, and therefore he can be found within the Eastern District of New York.

Oleg Baibakov is also a Russian businessman, and a friend and business partner of Prokhorov and Finskiy, and who has invested in the mining industry, including White Tiger. Upon information and belief, Baibakov has a significant ownership interest in the Brooklyn Nets, located at 15 MetroTech Center, 11th Floor, Brooklyn, NY 11201, and therefore he can be found within the Eastern District of New York.

The Application for an Order to Conduct Discovery seeks the right to request deposition testimony and documents from Prokhorov, Razumov, and Baibakov. The Criminal Proceeding, the BVI Proceeding, and the Bankruptcy Proceeding, are all ongoing, and Finskiy is engaged in the process of seeking information and documents worldwide to bring further exculpatory facts and documents to the attention of the courts in the British Virgin Islands and Russia.

There is evidence to believe that Prokhorov, Razumov, and Baibakov have personal knowledge of exculpatory facts, and are in possession or control of documents tending to show that Yanchukov's allegations in the Russian Criminal Proceedings are not only untrue, but also part of an improper scheme to acquire Finskiy's interest in White Tiger at a depressed price and to extort additional money from Finskiy. *See generally*, Patricoff Decl. The testimony of Prokhorov, Razumov, and Baibakov, and documents in their possession, are critical for Finskiy to defend the criminal charges against him in Russia. *See id.*

Additionally, there is evidence that Prokhorov has personal knowledge of exculpatory facts, and is in possession or control of documents tending to show that Finskiy has not breached the Loan Agreements with Onexim Group. *See id.* Prokhorov will be able to testify to the actual, negotiated terms of the Loan Agreements. Likewise, as the CEO of Onexim Group, Razumov will have personal knowledge of facts regarding the Loan Agreements made between Prokhorov (directly or indirectly, through Onexim Group) with Finskiy, and that he has knowledge of facts that show Finskiy does not owe any funds, as they are not yet due under the Loans. *See id.* The testimony and documents from Prokhorov and Razumov are critical for Finskiy to defend the claims against him in the BVI and the Bankruptcy Proceedings in Russia.

This Application meets the statutory elements and discretionary factors under 28 U.S.C. 1782. Finskiy is a participant in the Russia Proceeding, the Bankruptcy Proceeding, and the

Proceeding (personally by virtue of being named in the Statement of Claim, as well as through his company Kirkland, who is the defendant in the action), to which the requested discovery is relevant. Finskiy hereby seeks to obtain discovery for use in the foreign proceedings. The targets the discovery sought hereby are all found within this District. Finskiy thus meets all the statutory criteria for the issuance of an Order allowing discovery. In addition, as set forth in the accompanying Memorandum of Law, each of the four discretionary factors that this Court may consider also favor granting the Application: (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (iv) whether the discovery sought is unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (discussing discretionary factors); *In re Veiga*, 746 F. Supp. 2d 8, 17 (D.D.C. 2010).

For these reasons, Finskiy respectfully requests that this Court grant his Application for an order granting him leave to serve the named witnesses with the respective subpoenas attached to the Patricoff Decl. as Exhibits A, B, and C. Alternatively, Finskiy respectfully requests that the Court set a briefing and hearing schedule ordering the witnesses and any party in interest to show cause why the subpoenas should not issue forthwith.

March 2, 2017.

Respectfully submitted,

SHUTTS AND BOWEN LLP

By:  *Daniel T. Stabile, Esq.*
Daniel T. Stabile, Esq.
dstabile@shutts.com
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida  33131
Tel. (305) 379-9189
Fax: (305) 381-9982
*Attorneys for Maxim Finskiy*

MIADOCS 14431759 1 35672.0024