

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom N2E - North Wing, Rm. N208
Brooklyn, New York 110201

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7824
E  jonathan.cross@hsf.com
www.herbertsmithfreehills.com

Our ref

Your ref

Date
October 12 2017

**Via ECF**

**In Re: Application of Maxim V. Finskiy for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (Case No. 1:17-MC-00645-MKB-RER)**

Dear Judge Reyes:

We represent respondents Mikhail Prokhorov and Dmitry Razumov ("Respondents") in the above-referenced matter.  We write in response to the October 9 letter of counsel for Petitioner Maxim Finskiy (Dkt. No. 21, the "Finskiy Letter"), concerning the decision of the Hon. Denise Cote to quash, in their entirety, the identical subpoenas issued in Finskiy's duplicative Section 1782 proceeding in the Southern District of New York (the "SDNY Proceeding"), and to vacate the Order authorizing their issuance, terminating the SDNY Proceeding (the "SDNY Ruling").

Respondents respectfully submit that, contrary to the misleading characterization of Judge Cote's ruling and the related facts in the Finskiy Letter, Judge Cote's ruling is dispositive here under principles of *res judicata*, and compels the relief sought by Respondents' pending Motion to Vacate and Quash in this proceeding (the "EDNY Motion").  Having made the strategic choice to initiate a duplicative Section 1782 application, Finskiy is now bound by Judge Cote's decision in the SDNY Proceeding.

**Background to the SDNY Proceeding**

By way of background, Petitioner initiated the SDNY Proceeding by filing an ex parte application on June 15, 2017 (the "SDNY Application").  The SDNY Application sought authority to take discovery from Respondents identical to that sought here.  As illustrated by the comparison documents attached hereto as Exhibits A and B, respectively, the subpoenas in the SDNY and EDNY actions seek

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
October 12 2017
Letter to
Hon. Ramon E. Reyes, Jr.

precisely the same documents and testimony from Mr. Prokhorov and Mr. Razumov.  Aside from minor adjustments to reflect the change of district, the SDNY Application was also identical to Petitioner's March 2, 2017 ex parte application to this Court (Dkt. No. 1-1, the "EDNY Application").  Also attached as Exhibit C to this letter a blackline showing the (minor and non-substantive) differences between the EDNY Application and the SDNY Application.

**The SDNY Ruling**

Judge Cote heard oral argument on Respondents' SDNY Motion on September 29, 2017 and, while he initially did not do so, Finskiy has now, at the Court's request, submitted a copy of the transcript of that hearing. (*See generally* Transcript of September 29, 2017 Hearing before Judge Denise Cote ("Tr.").)  By an order dated September 29, 2017 (attached hereto as Exhibit D), the court granted Respondents' motion to quash and vacate in the SDNY Proceeding (the "SDNY Motion") in its entirety, for the reasons stated on the record.

While granting Respondents' motion to quash and vacate from the bench, Judge Cote held the following:

(I)   The Motion Was Timely

The SDNY Motion was timely filed.  Like the EDNY Motion, the SDNY Motion was filed on the subpoenas' return date, with a day's prior notice to Petitioner's counsel.  Judge Cote rejected Petitioner's claim—also asserted in this proceeding—that the motion was untimely, since "[n]otice was given that [the motion] would be brought, and it was brought in a timely fashion."  (Tr. at 19:1 –2.)

(II)   Respondents Are Citizens and Residents of Russia

Judge Cote conclusively determined that the "[t]he two [Respondents] are residents and citizens of Russia." (*Id.* at 8:23–24.)  The court went on to note the absence of any evidence that Petitioner "has sought to use Russian discovery proceedings or any other Russian mechanisms to obtain the discovery at issue here from the Russian residents and citizens, even in connection with the two Russian proceedings." (*Id.* at 18:19–23.)

The court also held that, like Respondents themselves, the documents sought by Petitioner "are in Russia." (*Id.* at 18:8.)  It was "compelling," the court observed that "two of the three actions in which discovery is sought are Russian proceedings in which discovery is sought of Russian residents[.]" (*Id.* at 22:24–23:2.)  In those circumstances, the court held that it was "abusive of the 1782 processes to use them for an end-run around Russian discovery in connection with Russian proceedings of Russian residents." (*Id.* at 23:2–5.)

(III)   The Documents Sought are Outside the US, Precluding Section 1782 Discovery

Notably, in explaining her decision to grant Respondents' SDNY Motion, Judge Cote held that the documents sought by Petitioner "are in Russia." (Tr. at 18:18.)  This crucial finding of fact—which Petitioner cannot now contest in this proceeding—underscores the impropriety of Petitioner's

2



Date
October 12 2017
Letter to
Hon. Ramon E. Reyes, Jr.

duplicative ex parte applications, since "[t]he bulk of authority in this Circuit suggests that a [Section] 1782 respondent cannot be compelled to produce documents located abroad." *In re Kreke Immobilien KG*, 2013 WL 5966916, at *4 (S.D.N.Y. Nov. 8, 2013) (internal quotation marks omitted).  Further, as Judge Cote also noted, an application verges on "abus[e]" of the statute where, as here, the Section 1782 petitioner seeks documents not only located abroad, but <u>within the very jurisdiction</u> of the predicate foreign proceedings.  (*See* Tr. at 23:2–5.)

(IV) <u>To Be "Found" in a District for Section 1782 Purposes, a Party Must Be Served There</u>

Next, the court held that, for purposes of Section 1782, "[t]o be found in the district when you're not a resident in the district means that you are served in the district properly." (*Id.* at 4:10  –12.)  Respondents, each a non-resident of the Southern District of New York, were served with the SDNY subpoenas outside of the district.  (*See id.* at 3:20–22.)  It follows as a matter of law that they were not "found" in that district.  (*Id.* at 6:1–3.)  Respondent Razumov was served in this District, and therefore this aspect of Judge Cote's ruling is inapplicable as to him. But Finskiy has made no showing that Respondent Prokhorov, who was served *outside* of New York, could be held to be "found" in the Eastern District, when, as Judge Cote determined, he is a resident of Russia (*id.* at 8:23–24) and was not served in this District.

(V) <u>Petitioner's Foreign Proceedings Do Not Support Section 1782 Discovery</u>

The court proceeded to consider the suitability of the three Foreign Proceedings as predicates for Sections 1782 discovery.  Importantly—because her ruling on this issue is, by itself, dispositive of this EDNY Proceeding—Judge Cote concluded unequivocally that none of the Foreign Proceedings could support Petitioner's application for authority to take discovery from Respondents:

A. *The BVI Proceeding.* – The court noted that, because the BVI Proceeding is now subject to a court-ordered stay in favor of a London arbitration, "there is no ongoing proceeding . . . for which 1782 discovery could be used." (*Id.* at 22:17–19.)  The court also held that binding Second Circuit precedent forecloses the use of Section 1782 discovery in aid of a private arbitration, such as the London arbitration that has superseded the former BVI Proceeding.

B. *The Bankruptcy Proceeding.* – The court held that the "Russian bankruptcy [proceeding] is over." (*Id.* at 22:2.)  It relied for that conclusion on Respondents' letter to the court of September 20, 2017, which notified the court of the termination of the Bankruptcy Proceeding in Russia. (*Id.* at 22:2–3.)  Respondents submitted a substantially similar letter to this Court the following day.  (*See* Dkt. No. 18.)  Finally, the court found that the "discrete and narrow" issues in the now-terminated Bankruptcy Proceeding were "unrelated to the discovery being sought" by Petitioner.
(Tr. at 24:8–11.)

C. *The Criminal Proceeding.* – The court first noted the complete absence of "evidence that there is an ongoing criminal prosecution that would be able to benefit from any documents obtained through a 1782 petition or from a deposition." (*Id.* at 21:23–22:1.)  Moreover, to



Date
October 12 2017
Letter to
Hon. Ramon E. Reyes, Jr.

the extent there is an active investigation, the court could find no "linkage between the discovery sought [in the SDNY Application] and the criminal proceeding in Russia."  (*Id.* at 23:24–25.)

(VI)     <u>The Subpoenas Are Overbroad and Burdensome</u>

Finally, the court held that the SDNY subpoenas' document requests, which are identical to their EDNY equivalents, are "overbroad and burdensome" as drafted.  (*Id.* at 25:19.)

**There is No "New Proceeding" in Russia Providing a Basis for the Subpoenas**

Finskiy, in an effort to divert attention from his loss on multiple, independently dispositive issues before Judge Cote on an identical motion, falsely contends that the subpoenas can now be justified by reference to a purported "new proceeding" in Russia.  (Finskiy Letter, at 2.)  However, as the Supplemental Declaration of Alexei Panich, attached as Exhibit E hereto, demonstrates, there is no such "new proceeding."

Briefly, in July 2015, Onexim Group Management Limited ("OGML") initiated debt collection proceedings against Finskiy in a Moscow court. (Ex. E ¶ 6.)   The Moscow court issued a judgment in favor of OGML on September 22, 2015 (the "Judgment). (*Id.* ¶ 7.)  Finskiy did not appeal from the Judgment, which became final and effective on October 29, 2015.  (*Id.* ¶ 19.)  The debt recovery litigation against Finskiy terminated on the same day, and cannot now be re-opened.  (*Id.* ¶¶ 19–20.)

It is well-established that a final foreign judgment—reflecting proceedings that have been concluded on the merits and are not pending or impending—cannot provide a basis for Section 1782 discovery.  *See In re Imanagement Servs., Ltd.*, 2005 WL 1959702, at *2  (E.D.N.Y. Aug. 16, 2005) (when a foreign proceeding "has concluded and the foreign tribunal will no longer accept any evidence, the discovery sought cannot be 'for use' in the foreign proceeding.").  What is more, Petitioner's counsel conceded during the SDNY oral argument that the Russian judgment is not a basis for Finskiy's Section 1782 discovery demands.  (*See* Tr. at 7:10 – 13; 7:25–8:3.)

The "new proceeding" referenced in the Finskiy letter relates to the assignment by OGML to Daselina Investments Ltd ("Daselina") of its rights under the Judgment.  (*See* Ex. D ¶¶ 8–10.)  Under Russian procedure, such an assignment must be formally recognized by a Russian court to be given legal effect.  (*Id.* ¶ 11.)  Accordingly, Daselina applied to the Moscow court to replace OGML as judgment creditor (the "Application").  (*Id.* ¶ 12.)

Daselina's Application does not alter the finality of the Russian judgment or implicate its merits. (*Id.* ¶¶ 22–28.)  Indeed, when considering the application, the Russian court will be limited to examining the issues related to assignment of rights from Onexim to Daselina. (*Id.* ¶¶ 22–26.)  As Finskiy has several times confirmed in his submissions the rights of Daselina under the Judgment in the separate foreign proceedings (especially, in the BVI Proceeding), the hearing on Daselina's motion should be technical. (*Id.* ¶ 28.)  Moreover, Finskiy makes no effort, nor could he, to show that the 40+ categories of discovery sought are relevant to the narrow procedural question of assigning the existing, final Russian judgment to Daselina.



Date
October 12 2017
Letter to
Hon. Ramon E. Reyes, Jr.

**The SDNY Ruling Has Preclusive Effect in This Proceeding**

Under federal law, the concept of *res judicata* encompasses two distinct doctrines: claim preclusion and issue preclusion. *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 (2d Cir. 2015). The SDNY Ruling granting Respondents' motion is entitled to preclusive effect under both doctrines, and is therefore entirely dispositive here.[1]

(I) Claim Preclusion Applies

The doctrine of claim preclusion is "based on the theory that a judgment reached on the merits bars subsequent actions between the same parties or privies based on the same cause of action." *Modular Devices, Inc. v. Alcatel Alenia Space Espana*, 2009 WL 749907, at *2 (E.D.N.Y. Mar. 16, 2009). The doctrine applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir.2000).

All of the requirements of claim preclusion are satisfied here. First, Judge Cote's ruling plainly adjudicates the SDNY Application and the fully-briefed SDNY Motion on the merits. Second, the SDNY Proceeding involved the same key parties: Petitioner and Respondents. Finally, the central disputed claim implicated in both the SDNY and EDNY Proceedings is identical: Petitioner's request for "an Order granting him leave to serve" the exact same subpoenas on Respondents. (See Ex. A, at 1.) Finally, Judge Cote explained that the bulk of her ruling—beyond what was strictly necessary to resolve the SDNY Motion—was intended "to avoid the possibility of a third 1782 petition being filed" in furtherance of Petitioner's "concerted effort to serve" Respondents. (Tr. at 21:8–10; 21:3.) Thus, Judge Cote clearly intended that the SDNY Ruling should carry preclusive effect.

In sum, this proceeding is now *res judicata* as to Respondents and should be disposed of accordingly.

(II) Issue Preclusion Applies

Further, or in the alternative, Petitioner's arguments in support of his EDNY Application—and in opposition to Respondents' Motion—are now barred by issue preclusion, which "prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Issue preclusion applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid

---

[1] The doctrine of *res judicata* applies no differently to discovery-related matters than to any other case or controversy. *See, e.g.*, *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (holding that an order by one federal district court on a discovery dispute is res judicata on the same issue in another federal district court with concurrent jurisdiction of the discovery dispute).



Date
October 12 2017

Letter to
Hon. Ramon E. Reyes, Jr.

and final judgment on the merits.  *Forrester, v. Corizon Health, Inc.*, 2017 WL 4443473, at *4 (E.D.N.Y. Sept. 30, 2017).

   Here, owing to the duplicative nature of the two proceedings, the central disputed issues before this Court were each raised and actually litigated in the SDNY Proceeding.  Further, Petitioner cannot argue that he lacked a "full and fair opportunity" to litigate those issues in the Southern District.  Finally, the court's conclusions of fact and law, as set forth during the September 29 hearing, were incorporated by reference in the court's order of the same day and were thus necessary to support the final judgment on the merits.

   Moreover, even if Petitioner's threatened appeal of Judge Cote's decision were to materialize, the SDNY Ruling enjoys preclusive effect unless and until it is overturned by the Second Circuit.  *See Palmer-Williams* v. *United States*, 2017 WL 2685859, at *2 (2d Cir. June 21, 2017) ("the law is well-settled that the preclusive effect of a judgment is immediate, notwithstanding a pending appeal") (citing cases); *see also* 18A Charles Alan Wright et al., Federal Practice and Procedure § 4433 (2002) ("The bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal.").

   Accordingly, Petitioner can no longer maintain before this Court that the EDNY Motion—served on Petitioner the same day and under the same circumstances as the SDNY Motion—was somehow untimely.  Furthermore, Petitioner is estopped from arguing that Respondents reside anywhere besides Moscow, Russia.  Nor can he succeed on his legal argument that respondent Prokhorov was "found" in the Eastern District when he was not served there.  Likewise, Petitioner is precluded from asserting that any one of the three Foreign Proceedings qualifies as a suitable predicate for Section 1782 discovery.  Finally, Petitioner is bound by Judge Cote's finding that the requested documents are located in Russia, and are therefore not appropriate for Section 1782 discovery.

**<u>Conclusion</u>**

   In light of the foregoing, Respondents submit that the previously scheduled oral argument in this action is no longer necessary, and respectfully invite the Court to (i) grant Respondents' Motion on the papers; and (ii) terminate this matter.

              Respectfully submitted,

              */s/ Jonathan C. Cross*

              Jonathan C. Cross